# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT WATSON,**

    **Plaintiff,**

                                        Civil Action 2:17-cv-457
                                        Judge Algenon L. Marbley
    v.                                    Magistrate Judge Elizabeth P. Deavers

**GARY MOHR,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion to Dismiss (ECF No. 11.), Plaintiff's Response in Opposition (ECF No. 16), and Defendant's Reply (ECF No. 17). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

## I. BACKGROUND

Plaintiff, a prison inmate under the custody and control of the Ohio Department of Rehabilitation and Correction ("ODRC"), brings his claims pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12132, alleging that Defendants have been deliberately indifferent in their treatment of his Hepatitis C. (ECF No. 1 at 2.) Plaintiff sues Defendants in both their individual and official capacities. (ECF No. 1-2 at 1.)

In his Complaint, Plaintiff states that he was diagnosed with Hepatitis C in 1994 and that Defendants have subsequently treated him with Interferon. (*Id*. at 9.) According to Plaintiff, Defendants have refused to treat him with the antiviral medication Harvoni, which is allegedly

both available and able to cure his Hepatitis C. (*Id*. at 5.) Plaintiff alleges that Defendants' repeated denials of his requests to receive treatment with Harvoni constitute deliberate indifference to his serious medical condition and a violation of the ADA. (*Id*. at 5, 12.) Plaintiff states that, as a direct result of his condition, "he gets easily confused, dizzy spells, lack of concentration and fear of liver cancer due to lack of proper medication." (*Id*. at 12.) According to Plaintiff, as a result of his Hepatitis C, he suffers from an impairment of several major life activities, "including speaking, learning, thinking, working." (*Id*. at 11.) Plaintiff believes these "impairments amount to an exclusion [and] services from other programs and activities which constitutes discrimination based on my disability under the ADA." (*Id*.)

According to Plaintiff, Defendant Eddy is the state medical official "responsible for the overall supervision of inmate [medical] services." (*Id*. at 10.) Plaintiff claims that Defendant Eddy was personally involved in denial of Harvoni treatment because "[the] denial of medication was based on ODRC policy, not because of any medical exclusions." (*Id*. at 11.) Plaintiff also claims that the ODRC ADA Coordinator's failure to respond to Plaintiff's requests and complaints indicates Defendant Mohr's involvement in a conspiracy to deny Plaintiff antiviral treatment. (*Id*. at 6.) Plaintiff seeks unspecified compensatory and punitive damages against both Defendants. (*Id*. at 12-13.)

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## III. Analysis

### A. Section 1983 Claims

Plaintiff brings his Eighth Amendment deliberate indifference claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of her rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

#### 1. Official Capacity Claims

In a Section 1983 case, official capacity claims for money are barred by the Eleventh Amendment. "'[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'" *McCoy v. Michigan*, 369 F. App'x 646, 654 (6th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989)). The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a

state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Thus, dismissal of Plaintiff's official capacity claims for money damages is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison v. Michigan*, 2013 WL 3455488 at *3 (same).

### 1. Individual Capacity Claims

Plaintiff cannot establish the liability of a defendant absent a showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x at 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability"). In other words, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926

5

F.2d 532, 535 (6th Cir. 1991). A defendant must, therefore, play more than a passive role in the alleged violation or show mere tacit approval of the actions in question. *Rizzo*, 423 U.S. at 371. The mere existence of supervisory relationship to the actual wrongdoer is not enough to establish personal liability. *Iqbal*, 556 U.S. at 677.

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). Where the risk of serious harm is obvious, it can be inferred that the defendants had knowledge of the risk. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second

> guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Rather, the Sixth Circuit considers the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *Parsons v. Caruso*, 491 F. App'x 597, 603 (6th Cir. 2012). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Plaintiff must satisfy both the objective and subjective components to adequately state a claim for deliberate indifference. The objective component mandates that a plaintiff demonstrate a "sufficiently serious" medical need, "which is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Santiago v. Ringle*, 734 F.3d 505, 590 (6th Cir. 2013). Accepting Plaintiff's allegations as true, the Court concludes that he was diagnosed with Hepatitis C and that his case meets the requirements of a "sufficiently serious" medical condition. *Barnett*, 414 F. App'x at 787–88

Plaintiff's Complaint, however, fails to plead the subjective component of a deliberate indifference claim. His allegations describe nothing more than a disagreement between Plaintiff and medical personnel over the course of treatment. Defendants have not ignored Plaintiff's condition or rendered "medical treatment . . . so woefully inadequate as to amount to no treatment at all." *Alspaugh*, 643 F.3d at 169. Even assuming that Plaintiff's descriptions of his

7

treatment is true, such "[o]rdinary medical malpractice does not satisfy the subjective component," *Grose*, 400 F. App'x at 988, and Plaintiff's desire for alternative therapies does not transform it into a constitutional question. *Apanovitch*, 32 F. App'x at 707.

In order to demonstrate a deliberate indifference claim, Plaintiff must allege that Defendants subjectively perceived a substantial risk of serious harm and disregarded that known risk in his treatment. *Blackmore*, 390 F.3d at 896. Plaintiff, though, does not allege that Defendants participated directly in his treatment in any way. Plaintiff claims that Defendant Eddy supervises all inmate medical services and promulgates general policies for provision of those services. (ECF No. 1-2 at 10-11.) Plaintiff does not allege any actual activity by Defendant Mohr in this matter other than conclusory allegations of a "conspiracy" to deny Plaintiff his preferred medical treatment. (*Id*. at 6.)

Plaintiff's Complaint does not contain any factual allegation that, if proved, would show Defendants' personal involvement in the alleged misconduct. At most, Plaintiff's Complaint appears to imply that Defendants are liable under § 1983 because of their supervisory positions. Under § 1983, however, supervisory liability is unavailable. *Rizzo*, 423 U.S. at 371. Plaintiff's pleading, therefore, does not allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," even assuming all of his factual allegations are true. *Iqbal*, 556 U.S. at 678. Accordingly, the Undersigned finds that Plaintiff's allegations against Defendants their individual capacities fail to state a claim for which relief can be granted.

## B. ADA Claims

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs,

or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As used in Title II of the ADA, "public entity" is defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any other commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131. Although the ADA applies to both federal and state prisons, *Mingus v. Butler*, 591 F.3d 474, 482 (6th Cir. 2010), individual prison officials cannot be held personally liable under the ADA. *Cox v. Jackson*, 579 F. Supp. 2d 831, 850 (E.D. Mich. 2008) ("'Public entity' under the Act does not include an individual prison official, and thus plaintiff fails to state a claim against the individual defendants under the ADA"). Plaintiff's claims against Defendants in their personal capacities, therefore, fail to state a claim on which relief may be granted.

Although Defendants in their official capacities may be proper defendants under an ADA Title II claim, *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002), in order to state a claim, Plaintiff bears the burden of demonstrating that he is a qualified individual with a disability within the meaning of the statute and that he is being denied the benefits of a service, program, or activity by reason of his disability. *Tucker v. Tennessee*, 539 F.3d 526, 533 (6th Cir. 2008). An individual is disabled under the ADA if he or she (1) has a physical impairment that substantially limits one or more of the major life activities, (2) has a record of such impairment, or (3) is regarded as having such an impairment. *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008).

Applying the facts most favorable to Plaintiff, the Undersigned finds that Plaintiff has properly pleaded the existence of his claimed disability, which affects several major activities,

9

such as speaking or working. (ECF No. 1-2 at 11.) Nevertheless, Plaintiff's Complaint fails to allege that he was denied the benefit of a service, program, or activity, as required by the statute. 42 U.S.C. § 12132. In his prayer for relief, Plaintiff does not seek access or changes to any service, program, or activity provided by Defendants that would support the conclusion that Plaintiff has stated sufficient facts so support an allegation that he has been denied some benefit on account of his disability. Plaintiff's claim that his impairment itself is "an exclusion from services from other programs and activities," is nothing more than a "'naked assertion' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678.

Plaintiff fails to meet the pleading requirement, in part at least, because his ADA claim is merely an Eighth Amendment deliberate indifference claim in another statutory guise. Neither medical treatment decisions nor medical malpractice, however, may form the basis of a claim under the ADA. *Gimbrone v. Krisher*, No. 2:12-cv-251, 2013 WL 1438024, at *6 (S.D. Ohio Apr. 9, 2013) (citing *Baldrige-El v. Gundy*, No. 99-2387, 2000 WL 1721014, at *2 (6th Cir. Nov. 8, 2000)). Accordingly, the Undersigned finds that Plaintiff has failed to state a claim for which relief may be granted with respect to his ADA allegations.

## IV. CONCLUSION

For the reasons explained above, the Undersigned finds that Plaintiff has failed to state a claim on which relief may be granted against Defendants. Accordingly, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**. (ECF No. 11.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 14, 2017   /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE